# CV-08 1579

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------

MORDECHAI FOGELMAN on behalf of himself and
all others similarly situated

                Plaintiff,

     -against-

ASSOCIATED CREDIT SERVICES, INC.

             Defendant.
----------------------------------------------------------

*KORMAN, CH. J.*

*POHORELSKY, M.*

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

APR 16 2008

LONG ISLAND OFFICE

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Mordechai Fogelman seeks redress for the illegal practices of Associated Credit Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt

4.    Upon information and belief, Associated Recovery Services, Inc. is a Massachusetts profit corporation with its principal place of business located in Hopkinton, Massachusetts.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
     1692(a)(6).

### *Jurisdiction and Venue*

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
     1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
     transactions that give rise to this action occurred, in substantial part, in this district.
     Venue is also proper in this district since the defendant transacts business in this district
     and collection contacts were directed into this district.

### *Allegations Particular to Mordechai Fogelman*

9.   Upon information and belief, on a date better known by defendant, defendant began to
     attempt to collect an alleged consumer debt from the plaintiff.

10.  On or about December 11, 2006 the defendant sent the plaintiff an initial collection
     letter.

11.  On or about August 13, 2007 at about 9:52 a.m., one of defendant's collection
     representatives left a message for the plaintiff on his answering machine.

12.  Said message states as follows: ""You today (??), please call 1-800-962-9898 extension
     356 for very important details.  This is not a sales call.  We are trying to reach the head
     of the household regarding a personal business matter that does need your immediate
     attention.  As a matter of fact, there is an attractive offer on the table to help you clear
     this matter up once and for all at a significant discount.  Again, please call between the
     hours of 8 AM and 9 PM Eastern Standard Time, Monday through Thursday at 1-800-

962-9898 extension 356 for further details.  We hope to hear from you soon.  Thank you."

13.    Plaintiff has the message recorded.

**14.**    Said message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

15.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-14 as if set forth fully in this cause of action.

16.    This cause of action is brought on behalf of plaintiff and the members of a class.

17.    The class consist of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

18.    The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of defendant's collection representatives failing to set forth that the message was from a debt collector similar to the message for the plaintiff on August 13, 2007 (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the message contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

19.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that scripted or policy mandated telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

20. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

-4-

22.    Collection letters, such as those sent by the defendant are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23.    The defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

24.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf

of the members of the class, and against the defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this

action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
       April 9, 2008

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

**ASSOCIATED CREDIT SERVICES, INC.**
105B South St.
P.O. Box 9100
Hopkinton, MA 01748-9100
(508) 435-8000
(800) 962-9898

December 11, 2006

Mordechai Fogelman
781 Eastern Pkwy Apt 1A
Brooklyn, NY 11213-3444

Re: Wells Fargo Financial
Balance Due: $1113.41

Your account has been listed with our office for collection.

Contact Ext.344 at (508) 435-8000 Toll Free 1-800-962-9898.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If paid in full to this office, all collection activity will be stopped.

**New York City Department of Consumer Affairs license number 0932237.**

Office hours MON-THURS 8AM-11PM, FRI 8AM-5PM, SAT 8AM-12PM, SUN 4PM-8PM.

- - - - - - - - - - - - - - - - - - - - - - - - - Detach and Return with Payment - - - - - - - - - - - - - - - - - - - -
Or visit us at PAYACS.COM to make a payment.

P.O. Box 9100
Hopkinton, MA 01748-9100

Address Service Requested

Check Enclosed ❑   ❑American Express   ❑Visa
Please charge to my ❑MasterCard
Card #: _____
Expiration Date: _____
Payment Amount: $ _____
Bank Name on Card: _____
Signature: _____

PERSONAL & CONFIDENTIAL
#BWNFMTN
#0440 0000 3188 6201#

Mordechai Fogelman                    5559495
781 Eastern Pkwy Apt 1A
Brooklyn, NY 11213-3444

Associated Credit Services
P.O. Box 9100
Hopkinton, MA 01748-9100

B1 002889P 1 035 000142 345 044000 Z-CRE